## J. W. CARROLL et al. *v.* S. A. GAYARRÉ.

One partner can interrupt prescription as to all the other partners who are bound *in solido*, even after the dissolution of the partnership.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Singleton & Clack*, for plaintiffs. *G. LeGardeur*, for defendant and appellant.

DUFFEL, J. The commercial firm of *Buchanan, Carroll & Co.*, composed of *Henry Buchanan*, for seven-sixteenths, *Joseph W. Carroll* for seven-sixteenths, and *Jaseph Hoy* for two-sixteenths, (the two last named being the plaintiffs herein,) accepted a draft, or bill of exchange, drawn on the 15th of March, 1851, by *Crutcher & McRaven*, in favor of *James Saunders*, for $2,991 48, payable at eight months. The plaintiffs were sued on said bill of exchange, by *Saunders*, who obtained, on the 6th of May, 1857, judgment *in solido* against the present plaintiffs, for the amount of said bill, with legal interest from judicial demand.

The plaintiffs having satisfied said judgment, amounting, in principal, interest and costs, to $3,207 40, instituted the present action to recover the seven-sixteenths thereof, say $1,403 23, from the defendant, who has succeeded to the entire estate of her deceased husband, *Henry Buchanan*, as heir of their only child.

The defence is, that the draft was prescribed when suit was instituted thereon, by *James Saunders ;* and the defendant's counsel contends in his brief :

1st. That an individual partner cannot, after the dissolution of a commercial partnership, make any acknowledgement binding on the other partners, even when the object may be to suspend prescription not yet acquired.

2d. That the acknowledgment made by the plaintiffs was conditional, and not binding, as the same was refused.

3d. That the plaintiffs, in the suit instituted against them by *Saunders*, having, in answer to interrogatories propounded to them, sworn " *that the draft has been extinguished since the maturity thereof,*" such answer amounts to a judicial confession which is conclusive herein against them. .

The bill of exchange was, on its face, prescribed, when *James Saunders* commenced his action against the present plaintiffs.

I. It is now well settled, that any one partner can interrupt prescription as to all the other partners who are bound *in solido*, even after the dissolution of the partnership. *Davis* v. *Houren et al.*, 6 Rob. 256 ; *Parker et al., Ex's*, v. *Moore et al.*, 2 An. 1017.

CARROLL
v.
GAYARRÉ.

II. On the 10th of October, 1856, *J. W. Carroll*, for *Buchanan, Carroll & Co.*, wrote to *A. Glenn*, as the agent of *James Saunders*, " that in regard to the second acceptance for $2,991 48, (meaning the one above described,) due 15–18 November, 1851, I beg to say that, if presented before the 18th November, 1856, will be paid by said firm in full." And on the same day they further wrote : " In regard to the interest on the acceptances which *Dr. Saunders* claims to own, we beg leave to say, that as our firm has been ready to pay them at any moment since due, we cannot think of paying interest."

It is difficult to imagine a more absolute acknowledgment of a debt and promise to pay. The subsequent acts of the plaintiffs, from which a forced condition is sought to be inferred, cannot affect an acknowledgment and promise so plain and unqualified.

III. The plaintiffs, in their answer to the petition of *James Saunders*, pleaded the prescription of five years; and they, no doubt, had in view such prescription, when they declared on oath *that the draft had been extinguished.* And, if notwithstanding their plea of prescription and oath, they nevertheless were condemned to pay the debt, we do not see how the defendant, (who, it is in evidence, has shared the very amount placed by the drawers of the bill of exchange in the hands of the acceptors to meet its payment,) can escape the payment of her just proportion of the debt, without at least averring and proving that the plaintiffs had good grounds of defence which they neglected to urge.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.